# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1649V
Filed: January 15, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| DORIS HANDLER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Andrew M. Krueger, Esq.*, Krueger & Hernandez, SC. Middleton, WI, for petitioner.
*Julia M. Collison, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On December 15, 2016, Doris Handler ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she suffers from Shoulder Injury Related to Vaccine Administration ("SIRVA") and shingles as a result of the influenza ("flu") vaccination she received on September 22, 2015. Petition, ECF No. 1.

On October 17, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs ("Motion for Interim Fees"), requesting $16,492.60 in attorneys' fees, $640.67 in attorneys' costs,

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and $400.00 in petitioner's costs, for a total of $17,533.27. Motion for Interim Fees at 6, ECF No. 35. On November 11, 2018, respondent filed a response to petitioner's Motion for Interim Fees that contained no specific objection to the amount requested or hours worked, but instead asked that the undersigned exercise her discretion in determining the proper amount to be awarded. Response at 3, ECF No. 36. Petitioner filed a reply to respondent's response also on November 1, 2018. *See* Reply, ECF No. 37. Petitioner's counsel filed a consented Motion to Substitute Attorney Stephanie Schmitt in place of Andrew Krueger on January 2, 2019. Motion at 1, ECF No. 38. Ms. Schmitt is an attorney at the same firm as Mr. Krueger. *See id.*

## I. Procedural History

Petitioner filed her petition on December 15, 2016. ECF No. 1. Petitioner was originally represented by Attorney Mark Krueger. *Id.* This case was originally assigned to Chief Special Master Nora Beth Dorsey but reassigned to me on July 13, 2017. *See* ECF Nos. 4, 21. Petitioner filed medical records and a Statement of Completion on December 27, 2016. Petitioner's Exhibits ("Pet. Exs.") 1-8, ECF Nos. 7-8. An initial status conference was held in this matter on February 2, 2017, after which petitioner was ordered to file an affidavit and a status report confirming that no Medicaid lien existed by no later than March 6, 2017. Order at 1, ECF No. 9. Respondent was also ordered to file a status report by April 3, 2017, indicating how he intended to proceed in this case. *Id.*

On February 8, 2017, petitioner filed a status report confirming she did not have Medicaid. Pet. Status Report ("S.R.") at 1, ECF No. 10. Petitioner filed additional medical records on March 6, 2017. Pet. Exs. 9-13, ECF No. 11.

After two requests for extensions of time embedded in status reports (Respondent's Status Reports ("Resp. S.R."), ECF Nos. 12, 14), respondent filed a status report on June 7, 2017, advising he intended to defend the case and requesting a Rule 4(c) Report deadline. Resp. S.R. at 1, ECF No. 16. On the same day, Chief Special Master Dorsey ordered respondent to file his Rule 4(c) Report by no later than July 12, 2017. Order at 1, ECF No. 17.

On July 6, 2017, petitioner filed a Motion to Substitute Attorney Andrew Krueger in place of Mark Krueger who had passed away. Motion at 1, ECF No. 18. This request was granted on July 10, 2017. Order at 1, ECF No. 19.

On July 11, 2017, respondent filed his Rule 4(c) Report, advising that petitioner had failed to demonstrate entitlement to compensation and requesting the case be dismissed. Report at 12, ECF No. 20. This case was reassigned to me on July 13, 2017. ECF No. 21.

A status conference was held on September 6, 2017, during which I discussed the various issues in this case, including the timing of onset of petitioner's complaints and petitioner's EMG findings of carpal tunnel noted to be unrelated to the flu vaccine. Order at 1, ECF No. 25. I ordered petitioner to provide any and all additional evidence in support of her alleged shoulder injury by November 6, 2017. *Id.*

On November 2, 2017, petitioner filed affidavits from petitioner's son, Robin Handler, and petitioner's daughter, Julie Wallace. Pet. Exs. 14-15, ECF No. 26. On the same day, respondent was ordered to file a status report advising how he intended to proceed by December 18, 2017. Non-PDF Order, dated November 2, 2017. Respondent filed a status report on December 18, 2017, confirming that he reviewed petitioner's affidavits and his position remained unchanged from the Rule 4(c) Report. Resp. S.R. at 1, ECF No. 27. A request for a status conference was made and set. *Id.*

A status conference was held on January 24, 2018,[3] during which I reviewed the medical records filed in this case and advised that petitioner's affidavits were inconsistent with the records and provided little assistance as to the onset of petitioner's symptoms. Order at 1, ECF No. 29. I ordered petitioner to file a status report by March 26, 2018, advising how she intended to proceed. *Id.*

On March 26, 2018, petitioner filed a status report indicating she intended to remain in the Vaccine Program and suggesting that she file additional affidavits to address my concerns discussed at the January 24, 2018 status conference. Pet. S.R. at 1, ECF No. 31. Petitioner was ordered to file any additional affidavits or other evidence in support of her claim by June 25, 2018. Non-PDF Order, dated March 28, 2018.

On June 25, 2018, petitioner filed an additional affidavit from her son, Robin Handler. Affidavit, ECF No. 32. A status conference was subsequently held on August 16, 2018, after which petitioner was ordered to file either an expert report or a status report indicating how she intended to proceed by October 15, 2018. Order at 1-2, ECF No. 33. On October 11, 2018, petitioner filed a status report advising that Attorney Andrew Krueger will be withdrawing from this case. Pet. S.R. at 1, ECF No. 34.

On October 17, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs requesting $16,492.60 in attorneys' fees, $640.67 in attorneys' costs, and $400.00 in petitioner's costs, for a total amount of $17,533.27. ECF No. 35. On November 1, 2018, respondent filed a response to petitioner's Motion for Interim Fees that contained no specific objection to the amount requested or hours billed, but instead, asked that I exercise my discretion in determining the proper amount to be awarded. Response at 3, ECF No. 36. Petitioner filed a reply on November 2, 2018. Reply, ECF No. 37. On January 2, 2019, petitioner filed a consented Motion to Substitute Attorney Stephanie Schmitt in place of Andrew Krueger. Motion, ECF No. 38.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award

---

[3] Ms. Schmitt appeared on behalf of petitioner in place of Mr. Andrew Krueger at this status conference.

3

as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Moreover, special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Humans Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). One instance in which interim fees have been awarded is "where proceedings are protracted." *Avera*, 515 F.3d at 1352.

### III. Discussion

A.       **Availability of Interim Fees**

The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." 515 F.3d at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods*, 105 Fed. Cl. at 154, and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). The inquiry is simply whether there is "a good faith basis for the claim" and the denial of interim fees would "impose[] an undue hardship" in the circumstances of the case. *Shaw*, 609 F.3d at 1375. In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are not warranted. This case has been pending for three years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Respondent does not dispute that there is "a good faith basis for [petitioner's] claim." *Shaw*, 609 F.3d at 1375; *see Sharp-Rountree*, 2015 WL 12600336, at *3 (explaining that "petitioners are entitled to a presumption of good faith absent direct evidence of bad faith" and finding a good faith basis when respondent "declined to challenge [it]"). However, this matter was on hold for quite some time while Mr. Andrew Krueger was deployed. The case was "monitored" by Ms. Schmitt who is now taking over petitioner's representation. *See* Motion, ECF No. 38. Petitioner has not expended significant funds sufficient to warrant interim costs. No expert report has been filed and petitioner's requested attorney's costs only total $640.67. Motion for Interim Fees at 6.

This matter does not fulfil the requirements necessary to warrant interim attorneys' fees and costs at this time. Therefore, petitioner's Motion for Interim Attorneys' Fees and Costs is denied.

## IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **DENIED.** The clerk shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.